# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ILUMISYS, INC. d/b/a TOGGLED,

    Plaintiff

v.

PHILIPS ELECTRONICS NORTH AMERICA CORP.,

    Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

ilumisys, Inc. d/b/a TOGGLED ("TOGGLED") brings this complaint for infringement of five TOGGLED patents against Philips Electronics North America Corp. ("Philips") and alleges as follows:

1. TOGGLED is a Troy, Michigan-based manufacturer of commercial-grade LED (light emitting diode) replacements for fluorescent lighting tubes that fit into standard fluorescent lighting fixtures. In addition to its local manufacturing and sales operations, TOGGLED is the owner of a substantial patent portfolio focusing on fluorescent-replacement LED lighting, which it has licensed to over 25 other lighting companies.

2. TOGGLED has grown from humble beginnings—designing efficient lighting for city buses—to become a success story in domestic manufacturing and in the development of intellectual property relating to solid-state lighting. In the

1990's, a group of engineers in Troy were working on designing improvements for public city buses. Those engineers recognized the advantages of manufacturing LED lighting in a form that could be installed into the existing fluorescent light tube fixtures found on busses – the same fixtures that are also found in offices, factories, and homes throughout the world.

3. During the course of their investigation, these engineers filed patent applications regarding various aspects of the LED replacement fluorescent tubes that they invented.

4. In 2012, TOGGLED began manufacturing its entire product line of solid state lighting products at its state-of-the-art manufacturing facility in Troy, Michigan.

5. In addition to manufacturing LED replacement tubes, TOGGLED licenses its patents, so that other companies can make and sell LED replacement tubes using TOGGLED's patented technology.

6. Philips is well aware of TOGGLED and its solid state lighting patents. In February 2010, Philips contacted TOGGLED and expressed interest in TOGGLED's technology and patent portfolio. TOGGLED sent Philips samples of TOGGLED's products. Philips also toured TOGGLED's Michigan manufacturing facility. And the parties discussed TOGGLED's patent portfolio.

7. TOGGLED has offered Philips a license to its patent portfolio. Philips has not accepted a license, however, and, Philips continues to sell products that infringe TOGGLED's patents.

8. Since at least 2010, Philips has sold LED fluorescent replacement LED lighting products in the United States that use TOGGLED's patented technologies, including but not limited to the Philips EnduraLED T8 Tube Specifier Series ("EnduraLED"), the Philips LEDtube Internal Standard ("LEDtube"), the Philips LED T8 System with Optifuse Technology ("LED T8 System"), and the Philips CorePro LED T8 ("CorePro") series of products.

9. TOGGLED therefore brings this Complaint against Philips for its infringement of five TOGGLED patents: United States Patent Nos. 8,573,813 ("the '813 Patent"), 8,382,327 ("the '327 Patent"), 8,093,823 ("the '823 Patent"), 7,510,299 ("the '299 Patent"), and 7,049,761 ("the '761 Patent") (collectively, the "TOGGLED Patents").

## THE PARTIES

10. Plaintiff ilumisys, Inc. d/b/a TOGGLED is a Michigan corporation having a principal place of business at 164 Indusco Court, Troy, Michigan 48083. ilumisys has done business under the name "TOGGLED" since December 11, 2012. All of TOGGLED's employees, including those in management, research and development, and supply chain logistics work in Troy, Michigan.

11. Defendant Philips Electronics North America Corporation is a Delaware corporation and has a principal place of business at 3000 Minuteman Road, Andover, MA, 01810.

## JURISDICTION AND VENUE

12. This action for patent infringement arises under the laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 et seq.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

14. This Court has personal jurisdiction over Philips. Philips has transacted and continues to transact business within this District. Philips has a facility in Farmington Hills, Michigan, it offers its products for sale in this District, it has committed acts of patent infringement in this District, and it has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## PHILIPS' INFRINGEMENT

16. As set forth in Counts I-V, Philips has infringed and continues to infringe the TOGGLED Patents by selling fluorescent-replacement LED lighting

products, including the EnduraLED, LEDtube, LED T8 System, and CorePro, without license from TOGGLED.

17. Philips infringement is willful and deliberate. Philips has known of the TOGGLED patents and offer to license since at least 2010. Despite this knowledge, Philips has not obtained a license and has continued to sell infringing products.

## COUNT I

## INFRINGEMENT OF THE '813 PATENT

18. TOGGLED hereby incorporates by reference its allegations contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. TOGGLED is the assignee of the '813 Patent and is the owner of all right, title, and interest in the '813 patent, entitled "LED-Based Light with Supported Heat Sink," duly and properly issued by the U.S. Patent and Trademark Office on November 5, 2013.

20. A true and correct copy of the '813 Patent is attached hereto as Exhibit 1.

21. The Defendant has directly infringed and continues to infringe, either literally or by equivalents, the '813 patent, by making, using, offering to sell or selling in the United States, or importing into the United States, products that are

covered by at least claims 1 and 20 of the '813 patent, including, by way of example and not limitation, the LED T8 System series of products.

22. The Defendant has induced infringement of the '813 Patent by encouraging its customers to resell and/or use Defendant's products that infringe the '813 Patent, with a specific intent that those customers will sell or use the Defendant's products in an infringing manner and knowing that such actions would infringe the '813 Patent.

23. As a result of Philips' infringement of the '813 Patent, TOGGLED has suffered and will continue to suffer damage.

## COUNT II

### INFRINGEMENT OF THE '327 PATENT

24. TOGGLED hereby incorporates by reference its allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. TOGGLED is the assignee of the '327 Patent and is the owner of all right, title, and interest in the '327 patent, entitled "Light Tube and Power Supply Circuit," duly and properly issued by the U.S. Patent and Trademark Office on February 26, 2013.

26. A true and correct copy of the '327 Patent is attached hereto as Exhibit 2.

27. The Defendant has directly infringed and continues to infringe, either literally or by equivalents, the '327 patent, by making, using, offering to sell or selling in the United States, or importing into the United States, products that are covered by at least claims 1-3, 7, and 16 of the '327 patent, including, by way of example and not limitation, the CorePro series of products.

28. The Defendant has induced infringement of the '327 Patent by encouraging its customers to resell and/or use Defendant's products that infringe the '327 Patent, with a specific intent that those customers will sell or use the Defendant's products in an infringing manner and knowing that such actions would infringe the '327 Patent.

29. As a result of Philips' infringement of the '327 Patent, TOGGLED has suffered and will continue to suffer damage.

## COUNT III

### INFRINGEMENT OF THE '823 PATENT

30. TOGGLED hereby incorporates by reference its allegations contained in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. TOGGLED is the assignee of the '823 Patent and is the owner of all right, title, and interest in the '823 patent, entitled "Light Sources Incorporating Light Emitting Diodes," duly and properly issued by the U.S. Patent and Trademark Office on January 10, 2012.

32. A true and correct copy of the '823 Patent is attached hereto as Exhibit 3.

33. The Defendant has directly infringed and continues to infringe, either literally or by equivalents, the '823 patent, by making, using, offering to sell or selling in the United States, or importing into the United States, products including the EnduraLED, LEDtube, LED T8 System, and CorePro series of products that are covered by at least one of claims 1-3, and 6-7 of the '823 patent, and by way of further example and not limitation, the LEDtube and EnduraLED series of products that are covered by at least claim 1.

34. The Defendant has induced infringement of the '823 Patent by encouraging its customers to resell and/or use Defendant's products that infringe the '823 Patent, with a specific intent that those customers will sell or use the Defendant's products in an infringing manner and knowing that such actions would infringe the '823 Patent.

35. As a result of Philips' infringement of the '823 Patent, TOGGLED has suffered and will continue to suffer damage.

## COUNT IV

### INFRINGEMENT OF THE '299 PATENT

36. TOGGLED hereby incorporates by reference its allegations contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. TOGGLED is the assignee of the '299 Patent and is the owner of all right, title, and interest in the '299 patent, entitled "LED Lighting Device for Replacing Fluorescent Tubes," duly and properly issued by the U.S. Patent and Trademark Office on March 31, 2009.

38. A true and correct copy of the '299 Patent is attached hereto as Exhibit 4.

39. The Defendant has directly infringed and continues to infringe, either literally or by equivalents, the '299 patent, by making, using, offering to sell or selling in the United States, or importing into the United States, products that are covered by at least claim 8 of the '299 patent, including, by way of example and not limitation, the CorePro series of products.

40. The Defendant has induced infringement of the '299 Patent by encouraging its customers to resell and/or use Defendant's products that infringe the '299 Patent, with a specific intent that those customers will sell or use the Defendant's products in an infringing manner and knowing that such actions would infringe the '299 Patent.

41. As a result of Philips' infringement of the '299 Patent, TOGGLED has suffered and will continue to suffer damage.

## COUNT V

## INFRINGEMENT OF THE '761 PATENT

42. TOGGLED hereby incorporates by reference its allegations contained in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. TOGGLED is the assignee of the '761 Patent and is the owner of all right, title, and interest in the '761 patent, entitled "Light Tube and Power Supply Circuit," duly and properly issued by the U.S. Patent and Trademark Office on May 23, 2006.

44. A true and correct copy of the '761 Patent is attached hereto as Exhibit 5.

45. The Defendant has directly infringed and continues to infringe, either literally or by equivalents, the '761 patent, by making, using, offering to sell or selling in the United States, or importing into the United States, products that are covered by at least claims 15 and 24-26 of the '761 patent, including, by way of example and not limitation, the LED T8 System series of products.

46. The Defendant has induced infringement of the '761 Patent by encouraging its customers to resell and/or use Defendant's products that infringe the '761 Patent, with a specific intent that those customers will sell or use the Defendant's products in an infringing manner and knowing that such actions would infringe the '761 Patent.

47. As a result of Philips' infringement of the '761 Patent, TOGGLED has suffered and will continue to suffer damage.

## PRAYER FOR RELIEF

WHEREFORE, TOGGLED prays for relief as follows:

A. For a judgment declaring that the Defendant has infringed each of the TOGGLED Patents;

B. For a judgment awarding TOGGLED compensatory damages as a result of the Defendant's infringement of the TOGGLED Patents, together with interest and costs, and in no event less than a reasonable royalty;

C. For a judgment declaring that the Defendant's infringement of TOGGLED Patents has been willful and deliberate;

D. For a judgment awarding TOGGLED treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of the Defendant's willful and deliberate infringement of the TOGGLED Patents;

E. For a judgment declaring that this case is exceptional and awarding TOGGLED its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284-285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F. For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement; and

G. For such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

TOGGLED hereby demands a trial by jury in this action.

Respectfully submitted,

By: s/Thomas W. Cranmer
Thomas W. Cranmer (P25252)
Scott A. Warheit (P71560)
Miller, Canfield, Paddock and Stone, P.L.C.
840 West Long Lake Road, Suite 200
Troy, MI 48098-6358
(248) 879-2000
cranmer@millercanfield.com
warheit@millercanfield.com
*Co-Counsel for Plaintiff*

Frank E. Scherkenbach (MA BBO 653819)
Christopher R. Dillon (admitted but not sworn, MA BBO 640896)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
(617) 542-5070
scherkenback@fr.com
cwd@fr.com
*Co-Counsel for Plaintiff*

Dated: December 6, 2013